DAVIS, Judge.
Dale Morris (“Morris”) seeks a reversal of the trial court’s order denying the payment of certain expert witness fees because the fees exceeded the limit that the chief judge of the circuit court established by administrative order. We reverse.
The State obtained an indictment against Morris for first degree murder. In representing Morris, the public defender used the services of several expert witnesses. Based on information these experts provided, the State entered a nolle prosequi, and law enforcement pursued leads against another suspect.
Although some of the experts sought fees that exceeded the cap outlined in the administrative order, the trial court approved the payment of all of the experts except one. The Academy Group served the defense as a “profiler.” The Academy Group submitted a bill for fourteen and one-half hours at $250 per hour. The county attorney, exercising the county’s rights under section 27.54(3), Florida Statutes (1995), asked for a hearing to oppose the reasonableness of the fee. At the hearing, the trial court found that the fee was “probably reasonable” and that the expert’s testimony “was necessary for the successful defense of the case.”
However, the trial court ruled that because the hourly rate that the Academy Group requested exceeded the cap set by the administrative order, the request must be denied, and the expert paid the rate of $150 per hour. The trial court and the county attorney each concluded that $150 per hour was acceptable under the administrative order. A close reading of the administrative order shows that it provides for fees of $75 per hour for “all other experts,” a category covering this “profi-ler.”
Florida law and the Florida Rules of Criminal Procedure require the counties to *430 pay for the costs of expert witnesses for indigent defendants. See Fla. R.Crim. P. 3.220(o); § 914.06, Fla. Stat. (1995); § 27.54(3), Fla. Stat. (1995). The public defender must show that the fee is “reasonable” and “necessary.” Section 27.54(3) gives the county the right to contest the reasonableness of the fee. In the instant case, the trial court found that the request met the “reasonable” and “necessary” test. The county did not present any evidence contesting the reasonableness of the fee and argued only that it exceeded the limits of the administrative order and that the public defender did not show exigent circumstances, (ie., that no other experts were available for a reduced fee). Neither the administrative order, the Florida Statutes, nor the Florida Rules of Criminal Procedure, require this additional showing. Accordingly, the trial court should have authorized the fee and ordered the county to pay the $250-per-hour rate, the administrative order notwithstanding.
Reversed and remanded for further proceedings consistent with these findings.
WHATLEY, A.C.J., and DANAHY, PAUL W. (Senior) Judge, Concur.